Peck, J.
delivered the opinion of the court.
The only question we think it necessary to notice is that which arises upon the demurrer. The writ is in the name of ffm. Carroll; the declaration commences thus: “Williamson, to wit: James Neely and Samuel Mer-rit were taken to answer the Governor of the State of Tennessee for the time being, who sues for the use of Samuel Craughran, in a plea that they render,” &c. declaring upon an administration bond, wherein the defendants acknowledged themselves “held and firmly bound unto the Governor of the State of Tennessee for the time being, in the sum of $2,000, to be paid to the said Governor, his successor or assigns.” Then recites the condition and assigns breaches.
There was a special demurrer to the declaration. ' Causes: 1st. Variance between the writ and declaration. 2d. That at the time of filing the declaration, Wm. Carroll was not Governor, but the office was held by Samuel Houston. 3d. The suit cannot be maintained in the name of the officer, without giving his name.
The court overruled the demurrer, the defendants pleaded issuably, trial was had, and judgment for the plaintiff.
No substantial objection being found in the proceedings subsequent to the disposition of the demurrer, we will consider of the point raised by it, to wit, the use of the title of Governor without giving the name of the one in being.
*490 This depends upon the construction of the act of 1822, ch. 16, which provides, “that any person interested m, 0r entitled to, a recovery on any bond heretofore or hereafter to be given by any executor or administrator, may commence and prosecute a suit on the same, in the name of the Governor of the State, for the time being, for his or her use, without having the same assigned as heretofore required by law.”
This act, as well as the previous one, which required an assignment, views the name of the Governor only as a matter of form in the prosecution of a suit upon the bond. The person in interest using the name of the Governor, is liable for cost, and in no case had the Governor any control over the suit. Looking to the substance, and we cannot go beyond it, is there enough on the face of the declaration for the court to proceed upon?
We are of opinion there is. The declaration is in the very words of the act, “may prosecute such suit in the name of the Governor for the time being.” It may be that the Legislature intended by using this language to provide against any supposed abatement which might happen in consequence of another person coming into the office. Be that as it may, the words of the act are 'followed, and the law can give the form. Therefore, the declaration is perhaps in the best form that could have been adopted to meet the case.
As to the supposed variance between the writ and declaration, it is not important to go minutely into the doctrine of such a variance, by inquiring how advantage shall be taken of it; it is enough to say that the name being inserted in the writ, may be treated as surplussage, and then the writ and declaration will sufficiently correspond, or the name of the Governer, Wm. Carroll, being used, may be taken to supply the place of the terms in the act, “for the time being.” But be this viewed as it may, whenever we consider it matter of form, the objection vanishes. Every reasonable intendment must be taken to support an *491 action on these bonds; those having interest under them, have had no agency in their formation; as they are the creatures of the- law, it is but reasonable the law should give construction to support, not to defeat the work of her own hands. As in England oyer of the writ was not allowed, the matter could not be pleaded in abatement; and it would seem for the same reason the variance could not be pointed out on demurrer, in this country we give oyer of the writ; but if upon the whole record the merits have been reached, we apply our jeoffails, and take the writ as having been amended, especially in cases where the objectionable matter extends to nominal parties or form only.
Washington, for plaintiff in error.
Craighead and Foster, for defendant in error.
Judgment affirmed.